UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
EVAN K. HALPERIN REVOCABLE
LIVING TRUST,

                      Petitioner,

              -against-

CHARLES SCHWAB & CO., INC.,

                      Respondent.
-------------------------------------------------------x

                                        21-cv-8098 (PKC)

                                       OPINION AND
                                       <u>ORDER</u>

CASTEL, U.S.D.J.

          Petitioner Evan K. Halperin Revocable Living Trust (the "Trust") petitions to

vacate an arbitration award rendered against it and in favor of respondent Charles Schwab & Co.,

Inc. ("Schwab").  Schwab opposes the Trust's petition and brings a cross-petition to confirm the

award.  Jurisdiction is premised on diversity of citizenship, 28 U.S.C. § 1332(a)(1).[1]

          The arbitration award denied all the Trust's claims against Schwab and awarded

Schwab costs and attorneys' fees totaling $142,750.22 (the "Award").  In addition to

confirmation of the Award, Schwab also seeks prejudgment interest on the Award and costs and

attorneys' fees incurred as a result of its efforts to enforce the Award.  Because the Trust has

failed meet the "very high" burden to demonstrate that vacatur is appropriate, see <u>D.H. Blair &</u>

<u>Co., Inc. v. Gottdiener</u>, 462 F.3d 95, 110 (2d Cir. 2006), its petition will be denied.  Schwab's

cross-petition to confirm the Award and its application for prejudgment interest will be granted.

---

[1] The Trust is organized under the laws of the State of New York with its situs in Huntington, New York. (Pet. ¶ 1.)
Schwab is incorporated in the State of California and maintains its principal place of business in San Francisco,
California.  (<u>Id.</u> ¶ 2.)  Venue is proper in this District because the arbitration underlying the petition took place in
Manhattan, New York.  (<u>Id.</u>, Ex. 1.)

Schwab's application for costs and fees is provisionally granted pending further submissions to allow the Court to determine the reasonableness of the requested fees.

BACKGROUND

Schwab is a financial services firm, broker-dealer and member of the Financial Industry Regulatory Authority ("FINRA").  (Cross Pet. (Doc 15) ¶ 1.)  Schwab operates schwab.com, which provides an online securities trading platform for its users.  (Pet. (Doc 2) ¶ 7; Cross Pet. ¶¶ 6-9.)  The Trust is a vehicle through which Evan K. Halperin, the Trust's settlor, trustee and beneficiary, trades securities.  (Pet. ¶ 1.)  The Trust has maintained an account at schwab.com since about February 13, 2013.  (Cross Pet. ¶ 6.)  Upon opening an account at schwab.com, the Trust agreed to be bound by the Schwab One Account Agreement, which contains an arbitration agreement.  (Pet., Ex. 2 ("Account Agreement") at 3-4, 6-7.)  The arbitration clause in the Account Agreement provides than any dispute arising from the Account Agreement will be resolved via arbitration conducted by FINRA.  (Id.)

The Trust filed with the FINRA Office of Dispute Resolution its amended Statement of Claim on January 6, 2020, (Pet., Ex. 3 ("Statement of Claim")), which initiated the arbitration underlying the present petition and cross-petition, styled as *Evan K. Halperin Revocable Living Trust v. Charles Schwab & Co., Inc.*, Case No. 19-03738 (the "Arbitration"). (Pet. ¶ 5.)  In the Arbitration the Trust principally alleged that certain security features of the schwab.com trading platform caused the Trust to be logged out of its schwab.com account without explanation while attempting to execute various options trades, and these interruptions in service caused $1,576,140.34 in losses to the Trust for which Schwab is liable. (Statement of Claim at 1-6.)  Schwab filed its Statement of Answer, which denied the Trust's claims, on

February 26, 2020.  (Pet., Ex. 5 ("Statement of Answer").)  The key dispute in the Arbitration was whether the Trust was logged out of schwab.com due to certain malfunctions or security features internal to schwab.com and its platforms, or whether the Trust was logged out due to circumstances internal to the computer used by Mr. Halperin to trade, such as the use of a VPN, poor internet connectivity, or a session time-out due to inactivity.

The parties to the Arbitration began the exchange of discovery in March 2020. (Cross Pet. ¶ 16.)  Over the course of the discovery period, the Trust filed various motions alleging that Schwab was engaging in discovery abuses and refusing to produce certain materials, primarily certain electronically stored information ("ESI") generated by what the Trust described as a "fraud detection system" that purportedly monitors and effects user sessions after the user logs-in to the trading platform (the "In-Session Activity ESI").  Schwab opposed these several motions and denied the Trust's repeated allegations that it was withholding discovery. Because these motions and their resolutions form the basis for the Trust's petition to vacate the Award, the Court describes them in detail.

The Trust's May 26, 2020 Motion to Compel Discovery and Award Sanctions

On May 26, 2020, the Trust brought in the Arbitration a motion to compel discovery and award sanctions, related to purported discovery abuses by Schwab.  (Pet., Ex. 7 ("Panel's Order of June 30").)  In particular, the Trust sought an order compelling Schwab to produce discovery requested by the Trust across two lists of documents: FINRA's Discovery Guide List 1 (Marinzel Decl., Ex. 7 at 21-27 ("List 1")) and the Trust's Request for Production of Documents (Marinzel Decl., Ex. 7 at 50-55 ("List 2")).  (Marinzel Decl., Ex. 7 at 1-2.)  In connection with its May 26 motion to compel, the Trust submitted to the Panel a detailed memorandum of law arguing its position and provided exhibits of its document requests and the

response and objections by Schwab thereto.  (<u>See</u> Marinzel Decl., Ex. 7 at 3-12.)  In opposition, Schwab submitted its own detailed memorandum of law arguing that it had fully complied with its discovery obligations and that its responses and objections were appropriate. (<u>See</u> Marinzel Decl., Ex. 8.)  On June 30, 2020, the Panel held a conference on the Trust's May 26 motion. (Panel's Order of June 30 at 1.)  Later that day, the Panel granted the Trust's motion in part and ordered that "[Schwab] will provide outstanding discovery to [the Trust] on or before July 30, 2020."  (<u>Id.</u> at 2.)

<u>The Trust's July 15, 2020 Motion to Supplement and/or Clarify</u>

On July 15, 2020, the Trust filed a letter motion to "Supplement and/or Clarify" the Panel's Order of June 30.  (Pet. ¶ 10; Pet., Ex. 9 ("Trust's Motion to Clarify").)  In this letter motion, the Trust argued that Schwab's responses and objections to the Trust's requests for production of documents still did not comply with certain procedural FINRA rules, and the Trust requested that the Panel order Schwab to amend and restate its responses and objections. (Trust's Motion to Clarify at 1-3.)  In its letter, the Trust recognized that its motion may be premature because it was filed before Schwab's July 30, 2020 deadline to provide outstanding discovery to the Trust as ordered by the Panel on June 30, 2020, but argued that it was in the interest of efficiency for the Panel to consider the Trust's request before the Schwab's July 30 deadline to provide discovery.  (<u>Id.</u>)  In an order dated July 28, the Panel denied the Trust's Motion to Clarify, which it characterized as "frivolous and an abuse of the discovery process" because "[a] motion to compel is without basis or justification when filed by a party before the date that the other party is required to produce documents and information."  (Pet., Ex. 10 ("Panel's Order of July 28") at 2.)

<u>The Trust's Three September 9, 2020 Motions</u>

        The Trust claims that on July 30, 2020, "Schwab produced some documents, purportedly in response to the June 30th order" but "continued to withhold important evidence." (Pet. ¶ 13.) On September 9, 2020, the Trust filed three new motions with the Panel. (<u>Id.</u> ¶ 14.) Two of the motions were motions to compel the production of discovery, and the third was a motion to sanction Schwab for its alleged discovery abuses. (<u>Id.</u>; Pet., Exs. 12, 13 & 14.) The Trust's two September 9 motions to compel again argued that Schwab's responses and objections to List 1 and List 2 were insufficient and that it was withholding discovery. The Trust principally took issue with Schwab's failure to produce In-Session Activity ESI. (<u>See</u> Pet., Exs. 12 & 13.) Schwab opposed the motion, arguing that it had produced the discovery in accordance with the Panel's Order of June 30 and complied with FINRA rules in its responses and objections to the Trust's discovery requests. (Marinzel Decl., Ex. 18.) Schwab provided a detailed, step-by-step recounting of the Trust's requests, Schwab's responses, and the discovery produced in response to the Trust's requests and the Panel's Order of June 30, 2020. (<u>Id.</u>) Schwab also argued that it was impossible to produce some of the discovery requested by the Trust without first receiving further information from the Trust that the Trust had not provided, such as a range of dates for when the Trust's alleged service interruptions on schwab.com occurred. (<u>Id.</u>)

        On December 16, 2020, the Panel held a telephone conference on the Trust's three September 9 motions. (Pet., Ex. 5 ("Panel's Order of December 22, 2020") at 1.) On December 22, 2020, the Panel issued an order partially granting the Trust's motions. (<u>Id.</u> at 2.) In particular, the Trust's two motions to compel were granted in part, and Schwab was ordered to produce discovery in connection with some, but not all, of the items on both List 1 and List 2 to which Schwab had previously objected. (<u>Id.</u>) The Panel restricted the relevant date range for the

production to "the year 2018 only." (Id.)  The Panel also ordered the parties to meet and confer

to discuss narrowing the scope of disputed dates of trades in connection with one of the Trust's

document production requests, and the Trust's motion for sanctions was withdrawn without

prejudice. (Id.)  The order barred the parties from filing additional discovery motions after April

8, 2021. (Id.)

The Trust's March 12, 2021 Motion to Enforce the Panel's Order of December 22, 2020

      On March 12, 2021, the Trust filed a motion requesting that the Panel "enter an

order warning Schwab that, unless it complies with the Order of December 22, 2020, . . . the

Panel shall . . . dismiss with prejudice all of Schwab's asserted and potential defenses" and

impose sanctions against Schwab. (Pet., Ex. 16 at 1-2.)  On March 22, 2021, Schwab submitted

a memorandum in opposition to the Trust's motion, in which Schwab argued that it had complied

with the Panel's Order of December 22, 2020 and all of its other discovery obligations and

detailed its production of certain ESI to the Trust. (Marinzel Decl., Ex. 21 at 1-10.)  In an order

dated April 21, 2021, the Panel denied the Trust's March 12 motion. (Pet. Ex. 17 at 1-2.)

The Trust's May 7, 2021 Motion for an Order of Production

      On May 7, 2021, the Trust again filed a motion, this time moving for an "Order of

Production" that compelled Schwab to "produce its custodians of records to appear at the hearing

and produce the very same documents the Panel ordered Schwab to produce on December 22,

2020." (Pet., Ex. 18 at 1.)  This motion was a second attempt by the Trust to compel Schwab to

produce at the Arbitration hearing the discovery from List 1 and List 2 described in the Panel's

Order of December 22, 2020, specifically the In-Session Activity ESI, that the Trust contends

Schwab "continues to willfully, and selectively, withhold." (Id. at 5.)  In its memorandum in

opposition to the Trust's motion, Schwab continued to assert that it was in full compliance with

the Panel's Order of December 22, 2020, and argued that the Trust failed to specify why the appearance of the requested witnesses is relevant or necessary and affirmed that it will comply with FINRA Rule 12514(b), which requires authentication witnesses at an arbitration hearing for all documents, information and data produced in discovery. (Marinzel Decl., Ex. 26 at 2-5.)

In an order dated June 24, 2021, the Panel denied the Trust's motion for an order of production, but directed Schwab to "provide [the Trust] with a Declaration/Affirmation affirming that fraud parameter reports related to activity within a session do not exist." (Pet., Ex. 19 at 2.) On July 2, 2021, Schwab filed in the Arbitration a declaration by Kostas Konstantinides, a Schwab employee with the title Director of Client Authentication, in response to the Panel's Order of June 24, 2021. (Marinzel Decl., Ex. 29 (the "Konstantinides Declaration").)

The Trust's July 8, 2021 Letter Motion

On July 8, 2021, the Trust submitted a letter motion to the Panel requesting that "the Panel determine on the first scheduled hearing day . . . that Schwab did not comply with the Panel's Order of June 24, 2021[.]" (Pet., Ex. 20 at 1.) The Panel announced during the Arbitration hearing its decision to deny the Trust's letter motion. (Pet. ¶ 18.) The Trust continues to contend that the Konstantinides Declaration did not comply with the Panel's Order of June 24, 2021. (Pet. ¶ 18.)

The Arbitration Hearing

From July 12 through July 16, 2021, the Panel conducted an in-person arbitration hearing. (Cross Pet. ¶ 21.) The hearing included oral argument, fact witnesses, expert witnesses, and exhibits presented by both Schwab and the Trust. (Id.) The Trust called three witnesses: Kevin J. Baker, Edward M. Waddington and Mr. Halperin. (Id. ¶ 22.) Mr. Baker and Mr.

Waddington, both of Marcum LLC, an accounting firm that engages in digital forensics, were

expert witnesses for the Trust.  (Id.)

On August 30, 2021, FINRA served the parties the Panel's Award.  (Pet., Ex. 1.)

The Award concluded as follows:

> After considering the pleadings, the testimony and evidence presented at the hearing, and any post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:
>
> 1.  Claimant's claims are denied in their entirety.
>
> 2.  Claimant is liable for, and shall pay to Respondent, the sum of $100,000.00 in attorneys' fees. The Panel awarded attorneys' fees as both parties requested attorneys' fees.
>
> 3.  Claimant is liable for, and shall pay to Respondent, the sum of $42,750.22 in costs.
>
> 4.  Any and all claims for relief not specifically addressed herein, including any requests for punitive damages, are denied.

The Panel also assessed hearing session fees in the amount of $22,500 to be paid by the Trust.

(Id.)

On September 30, 2021, the Trust filed its petition seeking vacatur of the Award

pursuant to section 10 of the Federal Arbitration Act ("FAA").  On December 17, 2021, Schwab

cross-moved for confirmation of the Award and attorney's fees.


DISCUSSION

I.    The Clerk's Certificate of Default as to Schwab is Vacated.

Before addressing the merits of the petition and cross-petition, the Court

addresses a confounding filing by the Trust.  On September 7, 2022 – more than 7 months after

the petition and cross-petition had been fully briefed by both parties – the Trust filed a proposed

certificate of default (Doc 49) and supporting affidavit (Doc 48), asserting that "[Schwab] has not responded to, nor replied to, or otherwise moved with respect to, Petitioner's first ground for relief, and has not denied Petitioner's first ground for relief."  (Doc 49 at 1-2.)  That same day, the Clerk of Court entered a certificate of default as to Schwab with respect to the Trust's first ground for relief.  (Doc 50.)

The certificate of default as to Schwab will be vacated.  Counsel for the Trust represents in his affidavit – under penalty of perjury – that "[Schwab] has never responded, and therefore has not denied, Petitioner's First Ground, that the Panel denied the Trust evidence essential to proving its case and Respondent never produced such evidence."  (Doc 48 ¶ 12.) This assertion is demonstrably untrue.  Schwab's submissions (Docs 15, 16 & 38) are all principally dedicated to defending against the Trust's allegations that "the Panel denied the Trust evidence essential to proving its case" in the Arbitration and that Schwab "never produced such evidence."  (See, e.g., Cross Pet. ¶¶ 27-31.)

## II.  The Trust's Motion to Strike the Marinzel Declaration is Denied.

The Trust moves to strike the Marinzel Declaration and exhibits thereto (Doc 18) pursuant to Rule 12(f), Fed. R. Civ. P.  (Doc 30.)  Under Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

In support of its motion, the Trust states in a conclusory manner that the Marinzel Declaration is "immaterial and extraneous" and "abhors the record."  (Doc 30 ¶ 8.)  The Trust points to no specific paragraphs or exhibits within the Marinzel Declaration supporting these contentions.  The Marinzel Declaration includes several exhibits – for example, Schwab's several memoranda in opposition to the Trust's several discovery motions – that are absent from

the Trust's petition and declarations in support thereof but are part of the record that was before the Panel.  (See, e.g., Marinzel Decl., Exs. 7, 8, 18, 21, 26 & 29.)  Because all exhibits attached to the Marinzel Declaration were before the Panel during the Arbitration, the declaration and its exhibits are properly considered as part of the record in this case.  See D.H. Blair, 462 F.3d at 109-10.  The Trust's motion to strike the Marinzel Declaration will be denied.

A court "treat[s] a petitioner's application to confirm or vacate an arbitral award as akin to a motion for summary judgment." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 136 (2d Cir. 2011) (internal quotation marks omitted).  Accordingly, the Court's decision is based on the record before it, specifically, the Trust's petition to vacate, Schwab's cross-petition to confirm, the exhibits attached to those petitions and the parties' supporting declarations and exhibits thereto.  See D.H. Blair, 462 F.3d at 109-10.

## III. The Trust's Petition to Vacate the Award is Denied and Schwab's Cross-Petition to Confirm the Award is Granted.

"'[T]o avoid undermining the twin goals of arbitrations, namely, settling disputes efficiently and avoiding long and expensive litigation,' arbitral awards 'are subject to very limited review'." Zurich American Ins. Co. v. Team Tankers A.S., 811 F.3d 584, 588 (2d Cir. 2016) (quoting Folkways Music Publishers, Inc. v. Weiss, 989 F.2d 108, 111 (2d Cir.1993)). "The role of a district court in reviewing an arbitration award is 'narrowly limited' and 'arbitration panel determinations are generally accorded great deference under the [FAA].'" Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 103 (2d Cir. 2013) (quoting Tempo Shain Corp. v. Bertek, Inc., 120 F.3d 16, 19 (2d Cir. 1997)). "Consequently, the burden of proof necessary to avoid confirmation of an arbitration award is very high, and a district court will enforce the award as long as 'there is a barely colorable justification for the outcome reached.'" Id. at 103–04 (quoting Rich v. Spartis, 516 F.3d 75, 81

(2d Cir. 2008)).  "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case."  D.H. Blair, 462 F.3d at 110.

The FAA provides limited grounds for vacating an arbitration award.  9 U.S.C. § 10(a).  The Trust challenges the award under sections 10(a)(3) and 10(a)(2) of the FAA, which as relevant here provide that the district court may vacate an award "where the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy," 9 U.S.C. § 10(a)(3), or "where there was evident partiality or corruption in the arbitrators," 9 U.S.C. § 10(a)(2).

The Trust argues that the Panel's denial of its several discovery motions and refusal to compel Schwab to produce certain materials in discovery, in particular the In-Session Activity ESI, constitutes a "refus[al] to hear evidence pertinent and material to the controversy" within the meaning of section 10(a)(3).  Vacatur under section 10(a)(3) is warranted only where an arbitrator's "misconduct" violates "fundamental fairness."  Tempo Shain Corp. v. Bertek, Inc., 120 F.3d 16, 20 (2d Cir. 1997).  Arbitrators maintain "great latitude to determine the procedures governing their proceedings and to restrict or control evidentiary proceedings."  Supreme Oil Co. v. Abondolo, 568 F. Supp. 2d 401, 408 (S.D.N.Y. July 31, 2008).  Section 10(a)(3) has been "narrowly construed so as not to impinge on the broad discretion afforded arbitrators to decide what evidence should be presented."  Doscher v. Sea port Group Securities, LLC, 15-cv-384, 2017 WL 6061653, at *3 (S.D.N.Y. Dec. 6, 2017) (internal citations omitted).  As part of that broad discretion, for example, an arbitrator "need not follow all the niceties observed by the federal courts" in making evidentiary determinations.  Bell Aerospace Co. Div. of Textron, Inc. v. Local 516 UAW, 500 F.2d 921, 923 (2d Cir. 1974).

The Trust has not met the "very high" burden necessary to vacate the Award. There is no indication from the record that the Trust's lack of success on its several motions and at the Arbitration hearing deprived it of "fundamental fairness."

The Trust takes issue with its motions that the Panel denied, which it claims deprived it of evidence vital to proving its case, principally the In-Session Activity ESI. The first of the Trust's motions denied by the Panel was the Trust's July 15, 2020 motion to clarify. The Trust, however, recognized in its memorandum in support of the July 15 motion that the motion may be premature because it was filed prior to Schwab's July 30, 2020 deadline to provide outstanding discovery to the Trust. The Panel did indeed deny the motion as premature. This does not indicate fundamental unfairness in the Arbitration.

Next, the Panel denied the Trust's March 12, 2021 motion to enforce the Panel's Order of December 22, 2020. The Panel's Order of December 22, 2020 directed Schwab to respond to certain items on List 1 and List 2, which in the Trust's view included the In-Session Activity ESI. Schwab responded with a memorandum in opposition to the motion, in which it extensively detailed the ESI it had produced to the Trust to comply with the Panel's Order of December 22, 2020 and asserted that it does not maintain a "fraud detection system" that records In-Session Activity ESI as described by the Trust. According to Schwab, the ESI produced included, among other things, (i) "Login Data (FRA) Report" which is "basic back-end login record created by Schwab's Fraud Research App" and contained "login date and time, customer ID, IP address, location, language, transaction ID, device ID, user agent, session ID, domain, and channel," (ii) "RBA Report" which "tracks user authentication by date, time, IP address, city, country, user account, internet service provider name, user agent type, user agent operating system, user language, and user agent" and also contains the user's "score" where a "negative

score indicates that the user has been authenticated (a.k.a. not blocked or limited)" and (iii) "Click-By-Click User Activity Data" which "shows the date, time, user ID, account number, IP address, platform, and the details of each landing page visited by the user." (Marinzel Decl., Ex. 21 at 3-4.) Schwab stated that this ESI constituted "complete user session information for Mr. Halperin for 2018[.]" (Id. at 3.) That the Panel was ultimately persuaded that Schwab had complied with the December 22, 2020 order and denied the Trust's motion does not speak of fundamental unfairness or misuse of the Panel's "broad discretion" over discovery issues.

The Trust's May 7, 2021 motion for an order of production was another attempt to persuade the Panel that Schwab had not complied with the Panel's Order of December 22, 2020, and this time the Trust requested that the Panel order Schwab to "produce its custodians of records to appear at the hearing and produce the very same documents the Panel ordered Schwab to produce on December 22, 2020." (Pet., Ex. 18 at 1.) Schwab again opposed this motion, arguing, among other things, that the motion was the Trust's attempt to relitigate the denial of the Trust's March 12, 2021 motion to enforce, that the Trust has failed to specify why the appearance of such witnesses would be relevant to the case itself rather than merely relevant to the Trust's theory that Schwab was withholding discovery, and that it had already represented that it would comply with FINRA Rule 12514(b) which requires authentication witnesses for all documents, information and data which it had produced. (Marinzel Decl., Ex. 26 at 4-5.) In the Panel's Order of June 24, 2021, it denied the Trust's motion but ordered Schwab to provide "a Declaration/Affirmation affirming that fraud parameter reports related to activity within a session do not exist." (Pet., Ex. 19 at 2.) On July 2, 2021, Schwab supplied the Konstantinides Declaration in response to the Panel's Order of June 24. (Konstantinides Declaration at 1-2.) The Panel's decision to require Schwab to represent in a declaration, under the penalty of

perjury, that it does not maintain the specific ESI sought by the Trust speaks to the Panel's careful consideration of the evidentiary issue at hand, rather than any fundamental unfairness.

Prior to the Arbitration hearing, the Trust filed its July 8, 2021 letter motion, the final motion relevant to this petition for vacatur. The Trust's July 8, 2021 letter motion requested that "the Panel determine on the first scheduled hearing day . . . that Schwab did not comply with the Panel's Order of June 24, 2021[.]" (Pet., Ex. 20 at 1.) The Panel announced during the Arbitration hearing its decision to deny the Trust's letter motion. (Pet. ¶ 18.)

The Trust sought for analysis by its expert data from a purported "fraud detection system" that monitors and records In-Session Activity ESI. Schwab asserted that it does not maintain a so-called "fraud detection system" that records the In-Session Activity ESI sought by the Trust but it had produced, in full response to the Trust's production requests, substantial other ESI from its security systems that monitor a user's activity and log-on/log-off records, including the FRA Report, the RBA Report and the Click-By-Click User Activity Data for the Trust's account for the year 2018. Schwab submitted the Konstantinides Declaration wherein Konstantinides, under the penalty of perjury, attested to the fact that Schwab does not maintain a so-called "fraud detection system" that records the specific ESI sought by the Trust. The Trust could have called Konstantinides as a witness at the Arbitration hearing to examine him on his knowledge of a so-called "fraud detection system" and the existence of any In-Session Activity ESI, but failed to do so.

The Panel did not "refus[e] to hear evidence pertinent and material to the controversy" by not compelling Schwab to produce In-Session Activity ESI that it represented in a declaration, under penalty of perjury, does not exist. The Panel also gave the Trust more than "an adequate opportunity to present its evidence and argument" by entertaining the Trust's

various discovery motions and allowing it to call witnesses, make argument and present evidence

at the Arbitration hearing.  The Trust's dissatisfaction with the Panel's rulings and the Award

does not render the Arbitration fundamentally unfair within the meaning of section 10(a)(3).

Accordingly, the Trust's motion to vacate the Award under section 10(a)(3) will be denied.

   The Trust's second ground for vacatur of the Award is under section 10(a)(2) of

the FAA, which allows for vacatur "where there was evident partiality or corruption" in the

members of the arbitration panel.  "Evident partiality may be found only where a reasonable

person would have to conclude that an arbitrator was partial to one party to the arbitration."

Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir.

2013) (internal quotations omitted).

   The Trust's argument in support of a finding of the Panel's "evident partiality" is,

in sum and substance, that because the Panel consistently decided the Trust's discovery motions

in Schwab's favor and did not find Schwab liable to the Trust in the Arbitration, the Panel must

be biased in favor of Schwab.  (Pet. at 8; Doc 16 at 11; Doc 27 at 13-15.)  "[An arbitration]

panel's decision not to order the production of certain documents . . . does not support an

inference of bias."  Polin v. Kellwood Co., 103 F.Supp.2d 238, 260 (S.D.N.Y. June 29, 2000).

"Bias is not even established by showing that an arbitrator consistently agrees with the

arguments of one side and repeatedly finds in their favor."  Id. (citing Bell Aerospace Co. v.

Local 516 Int'l Union, United Auto., Aerospace & Agric. Implement Workers, 500 F.2d 921, 923

(2d Cir. 1974)).

   The Trust provides no evidence beyond the Panel's denial of several of its

motions and Schwab's ultimate success in the Arbitration to support its claim of the Panel's

"evident partiality" in favor of Schwab.  The Panel granted at least in part several of the Trust's

discovery motions that Schwab opposed, including the May 26, 2020 motion to compel and the two September 9, 2020 motions to compel.  The Trust notes that "the Panel mischaracterized the Trust's Motion to Clarify as a motion to compel" and "warned that the Panel would sanction the Trust for filing frivolous discovery motions" but "never warned Schwab that it would sanction Schwab."  (Pet. at 8.)  Misstating the title of a motion and admonishing the Trust for filing a motion prematurely hardly indicate "evident partiality" within the Panel.

As previously discussed, the record indicates that the Panel carefully considered argument and evidence from both parties in deciding the Trust's several motions and in conducting the Arbitration hearing.  When the Trust continually sought to compel Schwab to produce certain discovery that Schwab maintained did not exist, the Panel ordered Schwab to submit a declaration attesting to that fact under the penalty of perjury.  Fundamental fairness does not mean that a party must win a minimum percentage of motions.  Nothing in the record speaks of the Panel's "evident partiality" in favor of Schwab, and the Trust's petition to vacate the award under section 10(a)(2) will be denied.

"[A] court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11" of the FAA.  Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008) (quoting 9 U.S.C. § 9).  The Trust "has identified no basis" sufficient to vacate the award, Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co., 668 F.3d 60, 78–79 (2d Cir. 2012), and for reasons described above, there is at least "a barely colorable justification for the outcome reached."  D.H. Blair, 462 F.3d at 110 (internal quotations omitted).  Accordingly, the Trust's petition to vacate is denied, and Schwab's cross-petition to confirm the award is granted.

IV. <u>Schwab's Application for Prejudgment Interest, Costs and Attorneys' Fees is Granted.</u>

Schwab seeks prejudgment interest on the $142,750.22 monetary portion of the Award at a rate of nine percent per annum from August 30, 2021, and costs and attorneys' fees incurred as a result of its efforts to enforce the Award.

"The decision whether to grant prejudgment interest in arbitration confirmations is left to the discretion of the district court." <u>SEIU v. Stone Park Assocs., LLC</u>, 326 F.Supp.2d 550, 555 (S.D.N.Y. July 22, 2004).  There is a presumption in favor of prejudgment interest on a motion to confirm an arbitration award.  <u>Waterside Ocean Navigation Co. v. Int'l Navigation Ltd.</u>, 737 F.2d 150, 154 (2d Cir. 1984).  Prejudgment interest is appropriate where the agreement between the parties states that an arbitration decision is final and binding.  <u>See, e.g.</u>, <u>First Cap. Real Estate Investments, L.L.C., v. SDDCO Brokerage Advisors, LLC</u>, 355 F.Supp.3d 188, 197-98 (S.D.N.Y. Feb. 13, 2019).  It is standard within the Second Circuit to grant interest at a rate of nine percent per annum, the rate of prejudgment interest under New York State law.  <u>SEIU</u>, 326 F.Supp.2d at 550.

The arbitration clause within the Account Agreement states that "[a]ny award the arbitrator makes shall be final and binding[.]"  (Account Agreement at 4.)  The Trust makes no argument in its briefs that Schwab is not entitled to prejudgment interest on the Award and therefore does not overcome the presumption in favor of prejudgment interest.  Accordingly, Schwab is awarded prejudgment interest on the $142,750.22 monetary portion of the Award at the rate of nine percent per annum from August 30, 2021, the date the Award was entered, for a total of $164,123.64.

Schwab also seeks costs and attorneys' fees in connection with its efforts to enforce the Award.  "The general rule in the United States is that each party must pay its own

legal fees."  Cob Shipping Canada Inc. v. Trans Mktg. Houston, Inc., 93-cv-0033, 1993 WL 300043, at *6 (S.D.N.Y. Aug. 4, 1993).  "However, it is well settled that '[a]n exception to this rule is the existence of an agreement between the parties that legal fees are recoverable.'"  Id. (quoting Trans–Asiatic Oil, Ltd. S.A. v. UCO Marine Int'l, Ltd., 618 F.Supp. 132, 137 (S.D.N.Y. July 31, 1985)).  Here, the Account Agreement states that "[a]ny costs, fees or taxes involved in enforcing the award shall be fully assessed against and paid by the party resisting enforcement of said award."  (Account Agreement at 4.)  Because the Trust was the party resisting enforcement of the Award, Schwab is entitled to costs and attorneys' fees.  Schwab's request for costs and attorneys' fees will be provisionally granted, subject to the submission within 14 days of evidentiary support for its claim of attorneys' fees and costs.  See Millea v. Metro-North R.R. Co., 658 F.3d 154, 166-67 (2d Cir. 2011).

CONCLUSION

           The Clerk's certificate of default as to Schwab (Doc 50) is VACATED.  The

Trust's motion to strike the Marinzel Declaration (Doc 30) is DENIED.  The Trust's petition to

vacate the Award (Doc 2) is DENIED.  Schwab's cross-motion to confirm the Award (Doc 12) is

GRANTED.  The Clerk shall enter final judgment for Respondent Schwab in the amount of

$164,123.64.  Schwab is awarded attorneys' fees and costs in an amount to be determined.

Schwab shall file evidentiary support for its claimed attorneys' fees and costs, including hours

expended and hourly rates, 14 days hereof.

SO ORDERED.

P. Kevin Castel<br>
United States District Judge

Dated:  New York, New York
       September 19, 2022